

**DUNCAN W. KEIR**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Charles Albert Blessing, Jr. | * | Case No. | 11-29627 DK |
| | * | Chapter | 7 |
| | * | | |
| Debtor(s) | * | | |
| ****************************************** | * | | |
| Preston Havenstein | * | | |
| | * | Adv. Proc. | 16-00182 DK |
| | * | | |
| Plaintiff(s) | * | | |
| vs. | * | | |
| Charles Albert Blessing, Jr., Langdon Hample, Individually and Trading as Congressional Commercial Venture V, LLC and Cheryl E. Rose | * | | |
| | * | | |
| | * | | |
| Defendant(s) | * | | |

### MEMORANDUM OF DECISION AND FINAL ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND GRANTING JUDGMENT ON THE PLEADINGS

This matter comes before the court for consideration of Defendant Langdon Hample's Motion to Dismiss the Complaint for Declaratory Judgment. The Plaintiff filed a Response to the Motion and Defendant Hample filed a Reply. After review of the papers and the record herein, the court finds that a hearing is not necessary to the decision upon the Motion and would not aid in the resolution of the matter.

This adversary proceeding was commenced by Preston Havenstein by the filing of a Complaint for Declaratory Judgment. The Debtor, Charles Albert Blessing, Jr., filed a chapter 7 case (Case No. 11-29627) on September 30, 2011, and received a discharge on January 11, 2012. The Debtor disclosed (in pertinent part) on Schedule B - Personal Property, the following:

> 14. *Interests in partnerships or joint ventures. Itemize.*
>
> Parent - Inter-Continental Group, LLC - Debtor Owns 100% - [$]1.00
>
> Subsidary - Inter-Continental Capital, LLC - Debtor Owns 50%, Langdon Hample Owns 50% (Co-Owned by Inter-Continental Group, LLC) - [$]1.00

On January 12, 2012, the Chapter 7 Trustee, Cheryl E. Rose, designated the case an "asset" case and a claims bar date was established.

On February 15, 2012, the Trustee filed a Motion to Sell the Estate's Interest in Inter-Continental Capital, LLC ("ICC"). In the Trustee's Motion to Sell (Dkt. No. 43), the asset is described as "... listed 50% Interest in Inter-Continental Capital, LLC (hereinafter "ICC") on Schedule B for a value of 1.00." By Order (Dkt. No. 48) entered March 14, 2012, the court authorized the Trustee to sell "the Trustee's interest in the Estate's Interest of Inter-Continental Capital, LLC to Congressional Commercial Venture V, LLC, its affiliates, members or assigns[.]" Subsequently, on November 26, 2013, the Trustee filed a Motion to Sell Inter-Continental Group, LLC ("ICG") to the Plaintiff, which Motion was granted by Order (Dkt. No. 66) entered December 26, 2013.

By his Complaint, the Plaintiff asserts that he is the 50% owner of ICC by virtue of his purchase of ICG. He further questions Congressional Commercial Venture V, LLC's ownership in ICC, arguing that the Debtor had no interest in the entity and, therefore, the Trustee had no interest to convey. The Plaintiff asserts in the Complaint that: "This Court's Order of March 2, 2012 authorizing the sale of the Estate's interest in ICC to the Purchasers provides an indicia of ownership, which Havenstein disputes." The Plaintiff seeks a declaration from this court that he is the 50% owner of ICC because he is the sole owner of ICG. Defendant Hample moved to dismiss the action alleging, among other things, that the court lacked subject matter jurisdiction to hear the adversary proceeding.

The court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a)[1] and that the matter is a core matter under § 157(b)(2)(N).[2] Section 157(b)(2)(N) provides that orders approving the sale of property are core matters. *See In re Millenium Seacarriers, Inc.*, 458 F.3d 92 (2nd Cir. 2006). Furthermore, the Bankruptcy Court retains jurisdiction to interpret its own order. That interpretation of an order deciding a core matter is within the core jurisdiction.

> "[O]rders approving the sale of property" constitute core proceedings, 28 U.S.C. § 157(b)(2)(N), and the Jamaica Adversary Action, which turns on the terms of the Sale Order, amounts to a request that the bankruptcy court enforce that order. We therefore deem the Jamaica Adversary Action a core proceeding and conclude that the bankruptcy court's initial decision to exercise jurisdiction over that action was not error. *See In re Petrie Retail, Inc.*, 304 F.3d 223, 230-31 (2d Cir. 2002); *see also In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005) ("Bankruptcy courts retain jurisdiction to enforce and interpret their own orders."); *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 449 (2d Cir. 2005) ("In Petrie, we held that core jurisdiction existed over a dispute between entities that had been involved in a reorganization proceeding (albeit not as debtors) over interpretation of the bankruptcy court's sale order."); *In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 176 (3d Cir. 2004) ("[W]e hold that the bankruptcy court correctly determined that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders.").

*Id*. at 95; s*ee also In re Talsma*, 509 B.R. 535, 542-43 (Bankr. N.D. Tex. 2014)(Court has inherent power to interpret and implement its own orders. Quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 138 (2009), "The Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders...."). Finally, despite the Defendant's withholding of consent to entry of a final order,

---

[1] 28 U.S.C.§ 1334(a), *Bankruptcy cases and proceedings*, provides:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

[2] 28 U.S.C. § 157, *Procedures*, provides, in part:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, r33eferred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> > (2) Core proceedings include, but are not limited to--
> >
> > > (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate[.]

this court finds that it may enter a final order interpreting a prior final order that authorized a sale without offending constitutional limitations.

There is no factual dispute as to the language of the Trustee's Motion to Sell (Dkt. No. 43), nor as to the language of the court's Order in question that granted that Motion (Dkt. No. 48). That Order provided, in pertinent part, that:

> [T]he Trustee is authorized to sell the Trustee's interest in the Estate's Interest in Inter-Continental Capital, LLC to Congressional Commercial Venture V, LLC, its affiliates, members or assigns for Five Thousand Dollars and 00/100 Cents ($5,000.00) be hereby is approved[.]

This Order simply authorized the Trustee to sell whatever interest the bankruptcy estate held in ICC. It does not create or authorize the Trustee to convey a greater interest in ICC than the estate held. The estate's property consisted of all of the Debtor's interest in property held by the Debtor at the time of the filing of the Petition commencing the bankruptcy case on September 30, 2011. 11 U.S.C. § 541(a). The Motion described what the Debtor listed on Schedule B. The Motion made no representations as to ownership beyond accurately reciting that the Debtor's Schedule contained that description.

The Court concludes that its Order authorized the Trustee to sell whatever interest the bankruptcy estate held in ICC, if any, and decreed no other relief. The Order did not and does not determine what interest the estate held (if any) that was subsequently conveyed by the Trustee pursuant to the authorization contained in the Order.

To the extent that the Complaint now asks this court to determine what interest was held by Charles Albert Blessing, Jr., the Debtor, at the time this case was commenced, which interest became estate property subsequently sold by the Trustee under the Order (Dkt. No. 48), this court will not do so. Such determination will not affect the bankruptcy estate, nor rights conferred upon the Debtor under the Bankruptcy Code, nor does such determination involve interpretation of an order entered by this court. The purported interest is no longer held by the bankruptcy estate and such a determination therefore would not be a determining of property of the estate. Under this circumstance, the issue at best would appear to be non-core and perhaps beyond this court's jurisdiction under 28 U.S.C. § 1334. To the extent that this court has jurisdiction of that question, the court determines that it should abstain pursuant to 28 U.S.C. § 1334(c).

Accordingly, any remaining part of the Complaint beyond the interpretation of its prior Order as stated herein, is dismissed.

IT IS SO ORDERED.


cc: All parties


**End of Memorandum of Decision and Final Order Granting In Part and Denying In Part Motion to Dismiss and Granting Judgment on the Pleadings**